IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TYSON R. PORTER,

    Petitioner,

v.                                                  No. 2:24-cv-0445 JMC-LF

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO CURE DEFICIENCIES

This matter is before the Court on Petitioner's Habeas Corpus Petition, (Doc. 1, "Petition") and Application to Proceed in District Court Without Prepaying Fees of Costs, (Doc. 2, "IFP Application"). Petitioner is a state prisoner and is proceeding *pro se*. Having reviewed the Petition, IFP Application, and relevant law, the Court determines that if Petitioner intends to proceed in forma pauperis, he must submit an inmate account statement reflecting transactions for the six-month period preceding the Petition. If he wishes to pursue habeas relief, he must file an amended petition clarifying his habeas claims, as set forth below.

1. Petitioner's IFP Application is Incomplete

Petitioner's IFP Application (Doc. 2) does not include sufficient information to evaluate Petitioner's financial status, such as a six-month inmate account statement. *See* 28 U.S.C. § 1915(a). Within thirty (30) days of entry of this Order, Petitioner must either submit a six-month inmate account statement or pay the $5.00 habeas filing fee.

2. Petitioner Must Amend His Pleadings to Comply with Fed. R. Civ. P. 8(a)

Because Petitioner is incarcerated, the Petition is subject to *sua sponte* screening. *See* 28 U.S.C. § 1915A (requiring screening of prisoner civil rights complaints); Habeas Corpus Rule

4(a) (requiring screening of habeas claims). The Court must dismiss any pleading that is frivolous, malicious, or fails to state a cognizable claim. *Id.* Pro se litigants are not excused from complying with Rule 8's minimal pleading requirements. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court may not "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Here, Petitioner filed his claims using a 28 U.S.C. § 2255 form,[1] but Petitioner is not a federal inmate and does not appear to challenge a federal conviction. *See United States v. Hayman,* 342 U.S. 205, 216 (1952) (explaining § 2255 was enacted to address attacks on the validity of a federal judgment or sentence, which must be brought in the court in which the conviction or sentence was entered); *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 811 (10th Cir. 1997) (same). Petitioner's allegations consist of the following claims: (1) "The alternative sentencing P.O. used my hospital drug test against me, which is a direct violation of my HIPPA rights;" and (2) "The P.O. at ASU in my magistrate case told the court we are going to use this drug test to hold me in jail and not release me back on my zero bond, which is a

---

[1] The Petition was docketed in this Court as a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

HIPPA violation to even obtain this knowledge." (Doc. 1) at 4-5.  Petitioner does not name a defendant and does not state what relief he seeks.

The Court cannot perform its screening function because Petitioner does not provide a short and plain statement showing his entitlement to relief and specifying the relief he seeks, as required by Rule 8(a) of the Federal Rules of Civil Procedure.  Petitioner will therefore be required to clarify his claims by filing an appropriate habeas petition on a form provided by the Court.  The amended petition must comply with Rule 8(a) and must: identify the criminal case (or cases) to which his request for relief is addressed; specify the defendants against whom he seeks relief; specify the grounds for relief and the facts supporting each ground; and state the relief requested.  *See* Habeas Rule 2(b).

If Petitioner wishes to challenge the validity of his state conviction or sentence, he should submit a completed petition under 28 U.S.C. § 2254.  *See Naves v. Bigelow*, 565 F. App'x 678, 679 n.1 (10th Cir. 2014) ("A proceeding under § 2254 is the proper vehicle for a challenge to the validity of a conviction or sentence" in federal court).  If Petitioner wishes to challenge the execution of his sentence or his pretrial detention, he should submit a completed petition under 28 U.S.C. § 2241.  *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to ... 28 U.S.C. § 2241").  To prosecute his case, Petitioner must amend his Petition by submitting his claims on a proper federal form the Court will provide to him.  He must include the civil action number (24-cv-0445 JMC-LF) on all papers he files.  Failure to timely cure <u>both</u> deficiencies (*i.e.*, file an amended Petition on the

3

proper federal form <u>and</u> submit a six-month inmate account statement or pay the $5.00 habeas filing fee) will result in dismissal of this action without further notice.

In addition, if Petitioner seeks to raise a civil, not habeas, claim, he must file a separate proceeding under 42 U.S.C. § 1983. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights."). The Clerk's Office will also mail Petitioner a blank § 1983 complaint.

**IT IS THEREFORE ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall: (1) either submit a six-month inmate account statement or pay the $5.00 habeas filing fee; and (2) file a completed habeas petition on the proper form. The Clerk's Office shall mail Petitioner a blank 28 U.S.C. § 2241 habeas petition, a blank 28 U.S.C. § 2254 habeas petition, and a blank 42 U.S.C. § 1983 civil rights complaint.

_____
Laura Fashing
United States Magistrate Judge